No. 24,417.

THE COMMERCIAL NATIONAL BANK, *Appellee*, v. O. G. COMBS, (WALTER GRUNDY, *Appellee*), *Appellant*.

SYLLABUS BY THE COURT.

QUIETING TITLE—*Contract Giving Real-estate Agent Option to Buy Land for Himself—Option Not Exercised by Agent Within Time Specified—Option No Longer a Cloud Upon the Title.* In a contract for the sale of real estate the owner agreed with her agent to give him as compensation for a sale all received in excess of a fixed price, and it also included a provision giving him an option to purchase the property for himself at the price named. The limit of time within which the agent .could sell the property or buy it for himself was fixed at one year. During the life of the contract the agent negotiated a sale of the property for a sum which was $10,000 in excess of the net price, and that amount was deposited in a bank to be paid when an abstract was furnished, the title approved and a deed given. A controversy arose between the owner and the agent as to the contract, followed by litigation in which the agent continued to insist that the sale he had made was binding upon the owner and the agent did not exercise the option to purchase for himself during the prescribed period. No abstract of title was furnished and no deed executed, and the purchaser, after waiting for about seven months, declared his agreement to purchase at an end. Afterwards the property was sold to plaintiff who asked to have its title quieted. Under the evidence it is held that the agent did not exercise his option to purchase for himself; that the sale to another did not convert his option to purchase into an executory and enforceable contract which vested him with an interest in the property; and that the plaintiff is entitled to have its title quieted as against the claims of the agent.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 7, 1923. Affirmed.

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellant.

*A. C. Malloy, R. C. Davis, Warren H. White, C. M. Williams* and *D. C. Martindell,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to quiet the title of plaintiff to real estate known as the Midland Hotel in the city of Hutchinson. The trial resulted in a judgment for plaintiff, and the defendant, G. O. Combs, appeals.

The property had been owned by Mary Casey Russell, who gave G. O. Combs an exclusive agency for the period of twelve months,

to sell the property at a price of $50,000 net to her, he to receive all above the price named as his compensation for making the sale, and it also included an option by which he might purchase the property within the time named at the price fixed. Several months after the execution of the contract Mrs. Russell and her husband brought an action to cancel it on the ground of the misrepresentation and fraud of Combs. About five months after that action was commenced Combs negotiated a sale of the property to Walter Grundy for the price of $60,000, and the transaction was set up in Combs' answer, with which he coupled a cross-petition in which he sought to compel conveyance to Grundy, but the cross-petition was withdrawn by Combs before the trial of that action. The Russells were denied the relief of cancellation of the agency of Combs, but that part of the contract giving Combs an option to purchase was canceled. Upon appeal, the decision as to the agency was affirmed but the feature of the judgment canceling the option was reversed upon the ground that the twelve months, period for its exercise had not expired. (*Russell v. Combs,* 108 Kan. 411, 195 Pac. 605.) In the agreement to sell it appears that under the sale negotiated with Grundy he paid $100 in cash, placed $9,900 in escrow with the Fontron Loan & Trust Company, to be held until Grundy should be furnished an abstract of title and the title had been passed on and approved, all to be done within a reasonable time, and when a general warranty deed was tendered the $9,900 was to be paid. Under an arrangement between Combs and Grundy, the latter, on February 6, 1920, brought an action against the Russells for specific performance of the contract of sale Combs had made for them, but this action was dismissed in June, 1920. Grundy at that time notified the parties that he repudiated the purchase on account of the failure and refusal of Mrs. Russell and her agent to carry out the terms of the sale, also that he had never been furnished with an abstract nor tendered a deed, and during the delay of seven months there had been a slump in the value of real estate which had occasioned loss to him in the amount of $15,000, for which he contemplated bringing an action to recover the damages sustained. Grundy claimed that Combs had agreed that if he would bring the suit for specific performance Combs would file another suit against Russell, attach the property and also the rents and profits accruing therefrom and thus force a compliance with the agreement to sell, but that Combs failed to do so, saying that he would obtain a deed

and the completion of the transaction in some other way. After the revocation by Grundy, Combs brought an action against the Russells, the trust company and Grundy, asking for judgment against the trust company and Grundy for $9,900, the amount placed in escrow, but in this action no service was obtained on the Russells. About eight months after the expiration of the time limit in the option contract between the Russells and Combs, and about two months after the repudiation of the agreement to purchase by Grundy, and on September 1, 1920, the property was sold by the Russells to K. E. Sentney who made the purchase for the plaintiff bank.

There is testimony in the case to the effect that the plaintiff, knowing of the controversy concerning the sale of the property, inquired of Grundy if he claimed any interest in the property or objected to the sale of it to another and he asserted that he had no interest in it. Combs was also interviewed and told that Mrs. Russell was about to sell the property and asked what his interest in the matter was. He stated that he had brought suit against the trust company and Grundy for his compensation of $9,900 which was on deposit and that he expected to get his satisfaction in that way, and that there was nothing to prevent a sale of the property at that time. It is, also, in testimony that after the purchase of the property by the plaintiff a defect was found in the building which made it necessary to erect a new wall in the hotel and for that purpose plaintiff had expended $6,000. In defense of plaintiff's action to quiet title Combs contends that he was entitled to change his option into a binding contract, that by a sale to Grundy on November 3, 1919, he had effected that change and had acquired a vested interest in the land, and that the plaintiff had notice of such interest. There is the further claim that the repudiation of the contract by Mrs. Russell and the litigation instituted by her, suspended the time for the acceptance of the option and tender of performance, and that by her refusal to deliver an abstract and deed she had waived a tender of the purchase price, and that she and the plaintiff are estopped to claim that the option period had expired before tender of acceptance or performance by Combs. The trial court found in favor of the plaintiff, holding that when Combs executed the contract of sale to Grundy in the name of Russell, his principal, he made an election to sell rather than to buy, and in making the sale to Grundy he surrendered or canceled all rights to

buy he had under his contract with Mrs. Russell, and that nothing remained to him thereafter except his right to a commission from Russell which he still holds. The court further stated that if the Grundy contract had been canceled with Combs' consent within the twelve months' limit he then would have been entitled to exercise and assert his optional right to purchase, but that this was not done. On the contrary Combs still asserted and affirmed that the sale of the property to Grundy was binding and therefore he cannot claim any other right. We think the judgment must be upheld. The option contract between Russell and Combs was for a twelvemonth period and it had expired long before the sale was made to plaintiff. It gave Combs the right to sell the property at the price named within that period and under which he could sell the property as agent of Russell and receive as his compensation any amount paid by the purchaser in excess of $50,000, or he could purchase the property himself by paying the net price named. He negotiated the sale to Grundy and continuously insisted, in and out of court, that the sale was binding until the period of limitation had expired. He had an option to purchase the property for himself which he might have exercised within the time limited, but he did not do so. On the contrary he claimed that an agency sale had been made to Grundy which he sought to have enforced. He could acquire no interest, legal or equitable in the land under the option to purchase until there was an acceptance of that offer, one made within the time limited. (*Caldwell v. Frazier*, 65 Kan. 24, 68 Pac. 1076.)

It is contended that the agency sale of the property to Grundy converted the option to purchase into an executory contract, but the facts show that it was not so treated and cannot be so regarded. The two features of the contract were distinct, and instead of assuming the obligations of a purchaser himself he consistently asserted that a sale had been made to Grundy and that it should be enforced. Even after the option term had expired and just before the purchase of the property by plaintiff he was insisting on his commission for selling it to Grundy. As we have seen, he then stated that he had no interest in the property which would interfere with a sale by Russell to another. The refusal of Russell to recognize and complete the agency sale to Grundy did not prevent Combs from exercising the option to purchase and take such steps as would constitute an acceptance of the offer, nor did the pendency of the litigation prevent him during the prescribed period from abandon-

ing the agency contract and insisting on his right to purchase. Whatever his right may be against Russell for compensation for the sale made to Grundy or for damages for failure to carry out the contract, it is clear from the record that he did not accept the option to purchase in accordance with the provisions of the contract, nor did he acquire an interest in the property which prevented its sale by the owner. We think the sale and the transfer of the property to the bank gave it a title free and clear of any claim or interest of Combs, and therefore the judgment is affirmed.